# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-20939-KMM

MARTA GONZALEZ VALIDO,

    Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security Administration,[1]

    Defendant.
_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff Marta Gonzalez Valido's Motion for Summary Judgment. ("P's Mot.") (ECF No. 21). Defendant Kilolo Kijakazi, Commissioner of Social Security Administration, ("Defendant" or "Commissioner") filed a Motion for Summary Judgment and response. ("D's Mot.") (ECF No. 22). Plaintiff filed response and reply. ("P's Reply") (ECF No. 23). The Court referred the above-captioned cause to the Honorable Lauren Fleischer Louis, United States Magistrate Judge, "to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters." (ECF No. 11). Magistrate Judge Louis issued a Report and Recommendation recommending that Plaintiff's Motion be DENIED, Defendant's Motion be GRANTED, and the decision of the Commissioner be AFFIRMED. ("R&R") (ECF

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), she is substituted for Andrew Saul as the Defendant. No further action need be taken to continue this suit consistent with the Social Security Act. *See* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

No. 24). Plaintiff filed objections to the R&R, ("Objs.") (ECF No. 25), and Defendant responded. ("Objs. Resp.") (ECF No. 26). The matter is now ripe for review. As set forth below, the Court DENIES Plaintiff's Motion, GRANTS Defendant's Motion, and ADOPTS the R&R.

## I.  BACKGROUND

This case arises from an Administrative Law Judge's ("ALJ") denial of Plaintiff's application for disability insurance benefits. R&R at 1–2. The record for Plaintiff's application has been filed on the docket. ("Administrative Record") (ECF No. 18).[2] In the R&R, Magistrate Judge Louis sets forth the following relevant background information:

> This case involves an application for Social Security disability insurance benefits under the Social Security Act (the "Act") (42 U.S.C. § 401, et seq). On November 28, 2016, Plaintiff applied for Social Security disability insurance benefits and supplemental Social Security Income ("SSI") under Title II of the Act, alleging that she was unable to work due to schizophrenia, depression, bipolar disorder, insomnia, high blood pressure, tremors, a head injury, cervical pain, and injuries to her ankle and shoulder. R. 240.
>
> Plaintiff alleges the disability onset date to be November 28, 2016. R. 94, 111, 224. Plaintiff's claim was initially denied on May 31, 2017. Plaintiff's request for reconsideration was denied on January 25, 2019. Thereafter, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). A hearing took place by telephone on July 22, 2020, before ALJ Tracey Leibowitz. The hearing participants included Plaintiff, Plaintiff's attorney, an interpreter, a hearing reporter, and Vocational Expert ("VE") Daniel L. Simone. The ALJ ultimately denied Plaintiff's application for disability insurance benefits and supplemental SSI, issuing her findings on August 6, 2020. R. 9, 23-24. Plaintiff sought a review of the ALJ's decision by the Appeals Council. On January 15, 2021, the Appeals Council denied Plaintiff's request for review. Under 42 U.S.C. § 405(g), Plaintiff exhausted all forms of administrative review and filed the instant action before the Court on March 10, 2021, which is now ripe for review (ECF No. 1).

R&R at 2.

---

[2] References to "R." are to pages of the transcript of the Administrative Record.

The five-step procedure that an ALJ is required to undertake while evaluating whether a claimant is disabled, and therefore entitled to disability insurance benefits, was described at length in the R&R. R&R at 10–11. Part of the ALJ's assessment included a residual functional capacity ("RFC") test, which evaluates Plaintiff's capabilities after considering limitations caused by severe medical conditions. The ALJ's analysis in determining whether Plaintiff is disabled was described in the R&R as follows:

> After reviewing the Record and conducting a hearing, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since November 28, 2016. R. 17. The ALJ found that Plaintiff has the following severe impairments: spine disorders, obesity, depressive, bipolar and related disorders, and neurodevelopmental disorders, but that Plaintiff does not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. *Id*.
>
> With the RFC assessment, the ALJ found that Plaintiff has the RFC to:
>
> [P]erform medium work … except the claimant can occasionally climb ramps and stairs. She can never climb ladders, ropes or scaffolds. The claimant can apply commonsense understanding to carry out detailed but uninvolved written or oral instructions, within the scope of reasoning level 2. She can occasionally interact with supervisors, coworkers, and the general public."
>
> R. 19. The ALJ found that Plaintiff is unable to perform any past relevant work, R. 22, and that there are jobs existing in significant numbers in the national economy which Plaintiff could perform, including Kitchen Helper, DOT #318.687-010, SVP level of 2, which is medium in exertion and includes 275,000 jobs in the national economy; Cook Helper, DOT #317.684-010, SVP 2, which is medium in exertion and includes 250,000 jobs in the national economy; and Hospital Cleaner, DOT #323.687-010, SVP 2, which is medium in exertion and includes 42,000 jobs in the national economy. As such, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. R. 23.

R&R at 8–9.

The crux of this dispute concerns two omissions from the RFC. First, the ALJ omitted from the RFC the diagnosis of two state agency medical consultants, Dr. Meyer and Dr. Wharry, who opined that Plaintiff would have moderate difficulty with understanding, remembering, and

3

carrying out detailed instructions ("Doctors' Evaluation"). R&R at 15. Second, the ALJ omitted from the ALJ Plaintiff's stooping condition. *Id*. at 18.

Plaintiff raised three arguments in her Motion as to why this case should be remanded to the ALJ for further proceedings: (1) the SSA's alleged unconstitutional removal provision voids the ALJ's decision; (2) the ALJ failed to include limitations based on the Doctors' Evaluation in the RFC assessment and hypothetical question to the VE; and (3) the ALJ failed to impose stooping limitations in both the RFC assessment and hypothetical question to the VE. *See* P's Mot. at 1. Defendant asserted in her Motion that the ALJ applied the correct legal standards and substantial evidence supports the ALJ's findings. *See* D's Mot. at 1.

In the R&R, Magistrate Judge Louis recommended that Plaintiff's Motion be denied, and the Defendant's Motion be granted. R&R at 13. Now, Plaintiff has filed Objections to Magistrate Judge Louis's recommendation, and Defendant has filed a response to Plaintiff's Objections. *See generally* Objs.; Objs. Resp. The Court discusses Magistrate Judge Louis's R&R and Plaintiff's Objections below.

## II.  LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

Where a party makes a proper objection, the Court reviews *de novo* the ALJ's final decision. Judicial review of an ALJ's final decision is limited to whether the ALJ's "conclusion, as a whole, was supported by substantial evidence in the record." *Dyer*, 395 F.3d at 1210 (citing *Foote v. Chater*, 67 F.3d 1553, 1558 (11th Cir. 1995) (citing 42 U.S.C. § 405(g)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" *Id*. (quoting *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir.1987) (internal quotation and citation omitted)). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Id*. (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004)). "[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Mitchell v. Comm'r of Soc. Sec*, 771 F.3d 780, 782 (11th Cir. 2014) (citing *Dyer*, 395 F.3d at 1211). However, while "[a]n ALJ is not required to refer specifically to each piece of evidence in the record, [the ALJ] must sufficiently explain the weight given to 'obviously probative exhibits.'" *Cooper*, 521 F. App'x at 808 (citing *Cowart*, 662 F.2d at 735).

In contrast, clear error review is required where a party fails to make a proper objection. A party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and

positions taken in the original papers submitted to the Magistrate Judge.  Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.").

When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 1:17-CV-24263-UU, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

## III. DISCUSSION

In the R&R, Magistrate Judge Louis recommended denying Plaintiff's Motion and granting Defendant's Motion on three grounds.

First, Magistrate Judge Louis recommended denying Plaintiff's Motion because the assertion that the SSA's alleged unconstitutional removal provision voids the ALJ's decision is without merit.  R&R at 15.  The R&R noted that Plaintiff failed to either:  (1) assert any clear allegations that the Acting Commissioner's alleged unconstitutional resulted in harm to her; or (2) set forth anything other than conclusory allegations to show any nexus between the removal provision and any possible harm to Plaintiff.  *Id*.  Plaintiff does not object to Magistrate Judge Louis's recommendations.

Second, Magistrate Judge Louis recommended denying Plaintiff's Motion because the ALJ did not fail to assess Plaintiff's inability to carry out detailed instructions, and substantial evidence supports the ALJ's findings.  *Id*. at 17–18.  Plaintiff objects to these recommendations and asserts that the ALJ erred in failing to include a limitation based on the Doctors' Evaluation.  *See* Objs. at

1–3. Plaintiff also asserts that Magistrate Judge Louis misplaced the issues by improperly focusing on whether Plaintiff can perform simple tasks instead of whether Plaintiff can perform detailed but uninvolved instructions. *Id*. at 2–3.

Third, Magistrate Judge Louis, relying on *Dyer v Barnhart*,[3] recommended denying Plaintiff's Motion because there was no "rigid requirement" the ALJ specifically refer to every piece of evidence, so long as the decision allows the court to conclude that the ALJ considered the medical condition. R&R at 18–20 (citing 395 F.3d 1206 (11th Cir. 2005)). Plaintiff objects, arguing that *Dyer* is distinguishable and inapposite.

The Court responds to Magistrate Judge Louis's recommendations and each of these objections in turn.

### 1. The ALJ's Decision is Not Void.

Magistrate Judge Louis recommended denying Plaintiff's Motion as meritless. R&R at 15. Plaintiff does not object and the Court agrees with Magistrate Judge Louis's recommendation.

### 2. The ALJ Did Not Fail to Include a Limitation on Plaintiff's Ability to Perform Detailed but Uninvolved Written or Oral Instructions.

Plaintiff's arguments relating to her inability to perform detailed instructions deviate little from her arguments in the Motion itself. In her Objections, Plaintiff rehashes her factual contentions, maintaining that, in the Doctors' Evaluation, two state agency doctors opined Plaintiff would have moderate difficulty with understanding, remembering, and carrying out detailed instructions. Objs. at 1. Additionally, while the RFC limited Plaintiff to detailed but uninvolved written or oral instructions, within the scope of reasoning level 2, it did not mention the Doctors' Evaluation. *Id*. On these facts, Plaintiff concludes that the ALJ made three errors including: (1)

---

[3] 395 F.3d 1206 (11th Cir. 2005).

failing to include the Doctors' Evaluation in the RFC; (2) failing to impose limitations on Plaintiff's ability to perform detailed but uninvolved instructions based on the Doctors' Evaluation; and (3) violating the requirement that she must address evidence that contradicts her conclusion. *See id*. at 2. Many of Plaintiff's arguments are repeated from her Motion, and Magistrate Judge Louis dispensed with each of these arguments in her R&R.

First, Magistrate Judge Louis concluded there was "no indication that the ALJ did not analyze Plaintiff's ability to carry out detailed but uninvolved instructions and interact with others occasionally." R&R at 17. Magistrate Judge Louis held that the ALJ was required to assess the RFC "based on all of the relevant medical and other evidence," and found the ALJ "considered the Record as a whole and afforded medical evidence weight accordingly," satisfying the regulatory requirements. *Id*. Accordingly, Magistrate Judge Louis recommended denying Plaintiff's Motion because the ALJ did not fail to include the Doctors' Evaluation or limit Plaintiff's ability to perform detailed but uninvolved instructions. *Id*. at 18. Plaintiff offers no challenge to the R&R's finding that the ALJ determined Plaintiff's mental RFC after reviewing the record in its entirety.

Magistrate Judge Louis also found that the ALJ did not fail to address evidence contradicting her conclusion because the Doctors' Evaluation did not contradict the RFC's limitation to reasoning level 2 work. *Id*. at 17–18. In the Doctors' Evaluations, although the physicians determined that Plaintiff would has moderate difficulty performing detailed instructions, each physician also explained that Plaintiff can manage simple instructions and perform simple tasks. *Id.* at 18 (citing R. 90, 107, 530). As to social interactions, Magistrate Judge Louis found that the Doctors' Evaluation supports the ALJ's decision to limit Plaintiff to no more than occasional interaction with others. *Id* (citing R. 90, 107–08, 530). Magistrate Judge Louis

found based on the Doctors' Evaluation, reasoning level two was the appropriate classification for Plaintiff, and the "simple, routine, and repetitive jobs" the ALJ included were consistent with a level 2 classification. *Id*. Magistrate Judge Louis found the Doctors' Evaluation supports—not contradicts—the RFC.

The Court finds Plaintiff's objections are "nothing more than a rehashing of the same arguments and positions taken" in her original Motion (and were dispensed with through argument and citations to legal authority in Magistrate Judge Louis's R&R). *See Marlite, Inc.*, 2012 WL 3614212, at *2. The Court finds no clear error with the Magistrate Judge's conclusions as assessed above and therefore overrules the objection.

Plaintiff raises one new objection—Magistrate Judge Louis erred by focusing on Plaintiff's ability to perform "simple tasks," as opposed to "detailed, but uninvolved instructions." Objs. at 2–3. Plaintiff argues that there are two distinct components to reasoning level 2 work: (1) simple tasks, and (2) detailed but uninvolved instructions. *Id*. Plaintiff asserts that Magistrate Judge Louis erred because she improperly relied on Plaintiff's ability to "manage simple instructions and perform simple tasks." R&R at 2. Plaintiff asserts the issue is whether Plaintiff can perform detailed but uninvolved instructions, not simple instructions, or tasks. Objs. at 2–3.

As an initial matter, Magistrate Judge Louis's conclusion that Plaintiff can perform simple instructions is not inconsistent with a finding that Plaintiff can complete detailed but uninvolved instructions. The Eleventh Circuit has expressly held that a limitation to reasoning level 2 jobs, which the Department of Transportation defines as involving "detailed but uninvolved" instructions, is not inconsistent with a limitation to simple instructions. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1323 (11th Cir. 2021).

9

The Record further demonstrates that substantial evidence supports the ALJ's limitation of Plaintiff to detailed but uninvolved instructions. The RFC stated that "detailed" referred to the length and "uninvolved" referred to a lack of complexity. Objs. Resp. at 3 (citing Doc. 24 at 17). The medical evidence in the Record showed that Plaintiff had intact memory and fair concentration, *id.* at 4 (citing (R. 400), and that she had organized and goal-directed thinking and was compliant with medications. *Id*. (citing R. 467–68). Further, a consultative examination showed Plaintiff was fully oriented, had a logical thought process, had a normal stream of thought, and was responsive to the interview. *Id*. (citing R. 417). Dr. Meyers stated that Plaintiff was "fully capable of recalling simple work procedures and instructions," and Dr. Wharry stated that Plaintiff could manage "simple instructions." R&R at 18. Substantial evidence supports the ALJ's limitation to detailed but uninvolved written or oral instructions and the Court accordingly overrules Plaintiff's objection.

### 3. The ALJ Did Not Err by Failing to Include or Address a Stooping Limitation.

Plaintiff contends Magistrate Judge Louis erred when she relied solely on the Eleventh Circuit's opinion in *Dyer* and concluded that the ALJ did not err by failing to consider, discuss, and weigh Plaintiff's stooping limitation. Objs. at 4. First, Plaintiff asserts that her stooping limitation is "obviously probative," and the standard applied in *Dyer* case does not capture the reviewing court's obligation to assess whether an ALJ adequately considered "obviously probative" evidence under *Cowart*. *Id*. at 4–5. Second, Plaintiff asserts that Dyer is factually distinguishable.[4] *See id*. at 5–7.

---

[4] Plaintiff's argues *Dyer* is factually distinguishable because the omitted evidence is probative and contradicts the RFC. This argument merely rephrases Plaintiff's first assertion that reliance on Dyer is inappropriate where the evidence is obviously probative or contradicts the RFC. The Court addresses both arguments together.

Plaintiff argues that the stooping limitation is "obviously probative," and the ALJ was therefore required to sufficiently explain the weight given to it under the Eleventh Circuit's decision in *Cowart v. Schweiker*. *Id.* at 4 (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981); *Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803 (11th Cir. 2013)). To this point, Plaintiff notes that in an unpublished opinion the Eleventh Circuit has recently reaffirmed the notion that an ALJ "must take into account and evaluate the record as a whole." *Id.* (citing *Jensen v. Comm'r, Soc. Sec.*, No. 21-13324, _ Fed. App'x _, 2022 WL 2663585 (11th Cir. 2021).

Magistrate Judge Louis, relying on *Dyer*, concluded the ALJ did not err by failing to consider the stooping evidence because there is no "'rigid requirement' that the ALJ specifically refer to every piece of evidence as long as the decision allows the court to conclude that the ALJ considered the medical condition as a whole." R&R at 18 (quoting *Hennes v. Comm'r of Soc/ Sec. Admin.*, 130 Fed. App's. 343. 348 n.11 (11th Cir. 2005) (citing *Dyer*, 395 F.3d 1206, 1201 (11th Cir. 2005))). Yet, Magistrate Judge Louis never considered whether Plaintiff's stooping limitations qualify as "obviously probative" evidence for which an ALJ must sufficiently explain the weight assigned to it. *Cooper*, 521 F. App'x at 808. The question here is not whether the ALJ's opinion is well supported in general but rather whether the ALJ must have sufficiently explained the weight assigned to evidence which is "obviously probative." The Court turns to whether the stooping limitation is the sort of "obviously probative" evidence an ALJ must specifically consider.

The Parties have not supplied the Court with examples of the sort of evidence that has been considered "obviously probative" by other courts. *See generally* Objs.; Objs. Resp. In fact, Defendant's Response does not even include the words "obviously probative." *See generally* Objs. Resp. Rather, Defendant simply hangs its hat on the Eleventh Circuit's opinion in *Dyer*. *Id.* at

11

5–6. However, the standard in *Dyer*, considered in isolation, does not fully capture the scope of this Court's analysis under binding Eleventh Circuit precedent.

The Eleventh Circuit has repeatedly cited to *Cowart* in recent years and thereby has reaffirmed the obligation of reviewing courts to ensure that ALJs have "sufficiently explain[ed] the weight given to 'obviously probative exhibits.'" *Cooper*, 521 F. App'x at 808 (citing *Cowart*, 662 F.2d at 735). Typically, district courts throughout the Eleventh Circuit have remanded cases back to ALJs for failure to consider medical opinion evidence that contradicts an ALJ's RFC because such evidence is "obviously probative." *Reed v. Kijakazi*, No. 8:20-CV-1670-CPT, 2021 WL 3855951, at *5 (M.D. Fla. Aug. 30, 2021) ("This is especially true given that Dr. Molis' assessment the Plaintiff could only stand/walk for a total of two hours in an eight-hour workday was an 'obviously probative exhibit,' insofar as it contravenes the ALJ's RFC finding." (citing *Cowart*, 662 F.2d at 735)); *Marrero o/b/o A.D.M. v. Saul*, No. 8:20-CV-133-TGW, 2021 WL 1086154, at *5 (M.D. Fla. Mar. 22, 2021) ("Dr. Minter and Dr. Taormina contain probative medical opinions that are arguably inconsistent with the law judge's finding of less than marked limitations in attending and completing tasks." (citing *Carter v. Colvin*, 569 Fed. Appx. 687, 689 (11th Cir. 2014); *Cowart*, 662 F.2d at 735) (internal citation omitted)); *Thompson v. Colvin*, No. 3:11-CV-1048-J-TEM, 2013 WL 1278083, at *6 (M.D. Fla. Mar. 28, 2013) (same).

Here, unlike in the aforementioned cases, the stooping evidence does not contradict the ALJ's RFC. Based on her review, the ALJ limited Plaintiff to only occasional climbing of ramps and stairs, and no climbing of ladders, ropes, or scaffolds, which is consistent with a stooping limitation. R. 19. Plaintiff makes the conclusory statement that the ALJ found that Plaintiff can perform certain medium jobs, but "most medium jobs require stooping." Objs. at 3. Plaintiff does not elaborate on this point. *Id*. There is no indication the jobs the ALJ specifically recommended

for Plaintiff, including Kitchen Helper, Cook Helper, and Hospital Cleaner, *see* R. 23, are inconsistent with Plaintiff's stooping limitation. A stooping limitation does not contradict the RFC, nor is it obviously probative evidence.

Furthermore, the ALJ considered Plaintiff's significant limitations, including her back problems and other nonexertional limitations in creating the RFC. For example, at step two the ALJ found that Plaintiff's spine disorders were a severe impairment, and at step three the ALJ considered whether Plaintiff's impairments met or equaled a Listing. R. 17, 20. The ALJ expressly considered Dr. Meruelo's examination, including Plaintiff's refusal to flex her back, and other evidence related to Plaintiff's back impairments. *Id*. at 20–22. The ALJ also considered medical findings from Dr. Catano concluding that Plaintiff had a normal gait without using an assistive device, she had negative straight leg raise testing, could get in and out of a chair without difficulty, and was able to tandem walk. *Id*. at 5–6.

Plaintiff's Objections do not cite to a single case in which a reviewing court has found similar evidence to constitute "obviously probative" evidence for which an ALJ must explain the weight assigned to it. Objs. at 1–3; *Haasbroek v. Princess Cruise Lines, Ltd*., 286 F. Supp. 3d 1352, 1362 (S.D. Fla. 2017) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him." (citing *Phillips v. Hillcrest Med. Ctr*., 244 F.3d 790, 800 n.10 (10th Cir. 2001))).

Accordingly, the Court finds that the ALJ did not fail to adequately consider "obviously probative" evidence and, because the ALJ need not specifically refer to every piece of evidence in the record, and the ALJ's conclusion was supported by substantial evidence in the record. *Dyer*, 395 F.3d at 1210; *Cowart*, 662 F.2d at 735.

## IV. CONCLUSION

Accordingly, UPON CONSIDERATION of the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that:

1. Magistrate Judge Louis's Report and Recommendation (ECF No. 24) is ADOPTED.

2. Plaintiff's Motion for Summary Judgment (ECF No. 21) is DENIED, Defendant's Motion for Summary Judgement (ECF No. 22) is GRANTED, and the Commissioner's Decision is AFFIRMED.

3. This case is DISMISSED WITH PREJUDICE.

4. The Clerk of Court is INSTRUCTED to CLOSE this case.

5. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida this 23rd day of September, 2022.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record